## JAMES ROBERTSHAW *v.* BRITTON & KOONTZ.

1. PLEADING. *Evidence.*

   If a plea be held good by the court on demurrer, and the plaintiff has replied to the same traversing its averments, evidence of the facts stated in the plea is admissible, and ought not to be excluded on the idea that if proved they do not constitute a defense.

2. PROMISSORY NOTE. *Code* 1892, § 3503.

   A plea that the note sued upon was executed upon the payee's promise to credit the amount upon another note for a larger sum previously executed, and which the payee represented he still held, but which he had, in fact, transferred, and that the larger note had been paid, presents a defense, under code 1892, § 3503.

FROM the circuit court of Washington county. .

HON. F. A. MONTGOMERY, Judge.

The facts are stated in the opinion.

*J. H. Wynn,* for appellant.

The amended plea sets up not only a failure of consideration, but that the payee falsely represented himself to be the holder of the original note. There was not only the defense of a failure of consideration, or, rather, want of consideration, but also of fraud by the payee, which vitiated the note in the hands of any subsequent holder.

The holder of the $3,500 note could have claimed that appellant had a perfect defense to the note sued on, executed without consideration, and fraudulently obtained, and should not be allowed to set it up as a defense to the $3,500 note. The plea clearly shows that the $3,500 note was not paid *pro tanto,* or not affected in any other way, and not to be effected until this credit was made upon its back. It was clearly intended that the $3,500 note should show this credit, and, until this credit was entered upon it, it was binding. It is clear that, if this

suit were by the payee, he would have no standing, because he would be attempting to take advantage of his failure to carry out his contract, and of his own false representations; and, under our statute, the appellees are on the same plane with him.

The record shows that the plaintiff had taken issue upon the amended plea; had gone to trial thereon, and had offered the deposition of Dunbar to disprove the facts there alleged, and it was too late to claim that the plea offered no defense. When the court overruled the demurrer to the amended plea, and the appellees had taken issue upon it, the law of the case was settled and the court should not have, in effect, sustained the demurrer which had formerly been overruled, by excluding the testimony of Robertshaw, and granting the peremptory instruction.

*Fred Clarke*, for appellee.

The appellees are *bona fide* holders, for value, of the note sued on, having acquired the same without notice of any offsets or counter demands against it on the part of the appellant. If the statements in the special plea were taken to be true, the note sued upon would be a mere piece of accommodation paper, and it is a well-settled doctrine of this state that the anti-commercial statutes, § 3503 of the annotated code, does not apply to paper of this character. *Megget* v. *Baum*, 57 Miss., 22; *Millsaps* v. *Bank*, 71 Miss., 361. If the case had proceeded to judgment on the issue joined, and the jury had found in favor of the defendant, Robertshaw, upon the special plea, the court would not have been justified in sustaining that verdict, but should have vacated it and awarded a new trial, for the simple reason that the special plea raised no valid defense to the action. Why, then, should the court allow testimony to go to the jury upon an issue which raised no valid defense to the suit? The fact that a demurrer to the plea had been overruled would make no difference, since the plea, being allowed to stand, presented no valid defense. Upon this view of the case, appellees say that the judgment in their favor is correct.

STOCKDALE, J., delivered the opinion of the court.

On November 22, 1889, James Robertshaw executed his promissory note, of that date, whereby he promised to pay to the order of R. F. Dunbar the sum of $1,500, six months after date, with ten per centum interest from maturity. R. F. Dunbar indorsed this note to the order of Britton & Koontz, who bring this suit to enforce its payment.

. James Robertshaw pleaded the general issue, also a special plea, at the May, 1895, term of said court. To the special plea a demurrer was interposed and sustained by the court, and leave granted to amend the special plea.

At the November term, 1895, defendant filed an amended plea, setting up want of consideration, alleging that prior to the time of the execution of the note sued on, defendant and his wife had executed and delivered to the said R. F. Dunbar their promissory note, payable to him, for $3,500, and Dunbar represented to them that he then held said $3,500 note, and would credit the same with the face value of the $1,500 note here sued on; but that, at the time of the execution of the note sued on, said note for $3,500 was not held nor owned by said Dunbar, but was outstanding.

To this plea a demurrer was overruled, and plaintiffs replied to it, denying the agreement set forth in the plea, and that plaintiffs were without notice of any such agreement, and that Robertshaw knew, at the time of the execution of the note sued on, that Dunbar had parted with said $3,500 note, and that he did not own nor control it.

At the December term, 1896, of said court, the parties went to trial on the issue raised by said pleas to the declaration. R. F. Dunbar testified, by deposition, that there was no agreement nor promise nor understanding that said note sued on should be credited on the $3,500 note; that the note sued on was given for money owed him by Robertshaw, and that the $3,500 note had been discounted before that, and the money paid to Robertshaw, and he had gotten the full benefit of said note.

James Robertshaw was introduced by defendant, and testi-
fied that he was the defendant and maker of the note sued on.
He was then asked to state what were the facts about the alle-
gations set forth in his special plea, filed by him as to the credit
to be applied on the back of the $3,500 note. Plaintiff objected
to the testimony being introduced, for the reason that the plea
does not show a good defense to the action. The court sustained
the objection, and defendant excepted.

The defendant then asked leave to amend his plea so as to
show that the original $3,500 note was secured by a deed of
trust upon land, and that the same had been foreclosed and the
land sold thereunder by the trustee prior to the institution of
this suit, which amendment the court refused to allow, and de-
fendant excepted.

Mr. Robertshaw, being recalled, was asked to state to the
court and jury whether the facts set forth in his special plea,
filed December 3, 1896, are true, to which question the court ·
sustained an objection, holding that the facts set up in said plea
constituted no defense, and no testimony would be allowed to
sustain it.    Instructions having been given in line with the
above recited rulings, verdict and judgment were rendered for
plaintiff for $2,625.    Defendant moved for a new trial for
causes: (1) The court erred in sustaining demurrer to special
plea; (2) the court erred in excluding testimony of Robertshaw;
(3) the court erred in refusing to allow defendant to amend his
plea; (4) the court erred in granting the peremptory instruc-
tion.    This motion being overruled, defendant appealed.

Counsel for appellant contends that when the court overruled
the demurrer to the special plea, and gave plaintiffs sixty days
to reply, and they did reply, denying the allegations of said
plea, the law of the case for that court was settled, and the
court should not, in effect, have sustained the demurrer that
had been overruled at a former term.    There seems to be no
answer to this contention.    The plea was filed as an answer to
the whole action, and the court held it to be good, as such an-

swer, by overruling the demurrer to it, and then to refuse to allow evidence to prove it after issue had been joined, was manifestly error.    Defendant had the right to prove his plea in the then state of the pleadings.

Had the defendant testified to the truth of his plea, as he offered to do, there would have been such a conflict of testimony with the testimony of plaintiff already in, as would have rendered the peremptory instruction erroneous.

The contention of counsel for appellees that plaintiffs are *bona fide* holders of the note sued on, cannot avail, in view of § 3503 of the code of 1892.    If the defendant had a good defense, and if the special plea be true, there was not only want of consideration, but the note sued on was obtained by misrepresentation and fraud, the $3,500 having been previously transferred, making a good defense against Dunbar, which may be interposed as against plaintiffs.

The contention of appellee's counsel that appellant cannot defend this suit unless he had immediately paid the $3,500 note, is met by the fact that he asked leave to amend his plea so as to allow him to prove that it had been paid by sale of lands, and was denied by the court.

We do not concur in the contention that the facts set up in the special plea would constitute the note sued on accommodation paper.    For these reasons we think a new trial ought to have been granted.

*The judgment of the court below is reversed, a new trial granted, and the cause remanded.*